FILED US District Court-UT
OCT 15 '25 PM04:18

Absolutely — here is your updated complaint with only the damage amount revised to total $25,000, as requested.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

Brandon McMillan,

Plaintiff,

v.

Green Dot Bank, Green Dot Corporation, and GO2Bank,

Defendants.

Civil Action No. _____

Case: 1:25−cv−00159
Assigned To : Bennett, Jared C.
Assign. Date : 10/15/2025
Description: McMillan v. Greendot Bank et al.

COMPLAINT FOR DAMAGES, NEGLIGENCE, AND INJUNCTIVE RELIEF

## I. INTRODUCTION

This Complaint arises from the Defendants' repeated, willful, and prolonged negligence in handling the Plaintiff's prepaid debit card dispute. On September 15, 2025, Plaintiff purchased a Green Dot prepaid card and loaded it with $460. Despite following every instruction, the card failed to activate. Green Dot and its subsidiaries refused to refund or resolve the issue, instead sending the Plaintiff in circles between multiple agencies.

Plaintiff has demonstrated extraordinary patience and good faith, reaching out repeatedly to the company and to regulatory bodies including the Better Business Bureau (BBB) and the Federal Reserve Bank of San Francisco. Each time, the Defendants deflected responsibility and avoided resolution—even after the Federal Reserve confirmed it had already contacted Green Dot with no response.

This action seeks $25,000 in damages for financial loss, negligence, emotional distress, deceptive practices, and violation of both federal and Utah state consumer protection laws.

## II. JURISDICTION AND VENUE

- This Court has federal question jurisdiction under 28 U.S.C. § 1331 for violations of the Electronic Fund Transfer Act (15 U.S.C. § 1693 et seq.) and the Federal Trade Commission Act (15 U.S.C. §§ 41–58).

- Supplemental jurisdiction is proper under 28 U.S.C. § 1367(a) for related Utah state law claims under the Utah Consumer Sales Practices Act (U.C.A. § 13-11-1 et seq.)

- Venue is proper in the District of Utah under 28 U.S.C. § 1391(b) because the Plaintiff resides in Utah and one Defendant, Green Dot Bank, operates from Provo, Utah.

## III. PARTIES

- Plaintiff: Brandon McMillan, a Utah resident, acting pro se.

- Defendant 1: Green Dot Corporation, a Delaware company headquartered in Pasadena, California.

- Defendant 2: Green Dot Bank, a Utah-chartered bank based in Provo, Utah.

- Defendant 3: GO2Bank, an affiliated entity of Green Dot providing similar prepaid banking services.

## IV. FACTUAL BACKGROUND

1. On September 15, 2025, Plaintiff purchased and loaded a Green Dot prepaid debit card with $460.

2. Despite following all activation procedures, the card repeatedly failed to activate through both online and phone systems.

3. Plaintiff immediately contacted Green Dot for assistance but was met with dismissive and unhelpful customer service, including dropped calls and circular automated responses.

4. On September 29, 2025, Plaintiff reached a GO2Bank representative who refused to file a case because Plaintiff could not provide the exact hour and minute of the transaction—despite providing all other necessary proof including receipt, card number, and transaction record.

5. The Plaintiff then opened formal complaints with numerous state and federal agencies, including:

   - Better Business Bureau (BBB)

   - Consumer Financial Protection Bureau (CFPB)

   - Utah Division of Consumer Protection (DCP)

   - Utah Department of Financial Institutions (DFI)

   - Federal Trade Commission (FTC)

   - California Department of Financial Protection and Innovation (DFPI)

6. The Federal Reserve Bank of San Francisco confirmed in writing that it had contacted Green Dot about the Plaintiff's case, yet Green Dot never responded.

7. Despite this, Green Dot continued to redirect the Plaintiff back to the same Federal Reserve agency, insisting the matter was "out of their hands."

8. This "runaround" proves intentional negligence and bad faith, as Green Dot knowingly referred the Plaintiff to an agency that had already reached out to them without response.

9. Through the BBB's mediation portal, the Plaintiff maintained dialogue with Green Dot for weeks. Green Dot representatives explicitly stated they would take no further action, closing the conversation without offering any resolution, refund, or activation of the card.

10. At all times, the Plaintiff remained cooperative, calm, and professional—submitting receipts, documentation, and identification upon request.

11. Defendants have failed to uphold even minimal standards of financial accountability and consumer service, leading to direct financial harm, emotional stress, and loss of time.

## V. CAUSES OF ACTION

Count I – Violation of the Electronic Fund Transfer Act (EFTA)

(15 U.S.C. § 1693 et seq.)

Defendants failed to investigate, correct, or refund a disputed transaction in a timely and lawful manner, depriving the Plaintiff of rightful access to funds.

Count II – Violation of the Federal Trade Commission Act

(15 U.S.C. §§ 41–58)

Defendants engaged in deceptive trade practices by marketing a prepaid card product as easily usable and refundable while intentionally creating barriers to customer support and resolution.

Count III – Violation of Utah Consumer Sales Practices Act

(U.C.A. § 13-11-1 et seq.)

Defendants' behavior constitutes deceptive and unconscionable conduct, including misrepresentation, obstruction of refunds, and avoidance of accountability.

Count IV – Breach of Contract and Duty of Good Faith

Defendants breached the implied covenant of good faith inherent in every commercial agreement by refusing to perform basic obligations such as activating or refunding the product.

Count V – Negligence and Gross Negligence

Defendants owed a duty of care to handle customer funds responsibly. Their continued refusal to investigate or correct the issue demonstrates reckless disregard and constitutes gross negligence.

Count VI – Conversion

Defendants unlawfully retained and continue to withhold $460 belonging to the Plaintiff, amounting to theft by conversion.

## VI. DAMAGES

Plaintiff seeks $25,000 in total damages, consisting of:

- $460 — actual financial loss

- $5,000 — emotional distress and mental strain

- $6,000 — breach of contract, time, and opportunity loss

- $13,540 — punitive damages for bad faith, deflection, and sustained negligence

## VII. PLAINTIFF'S ULTIMATUM

After months of good-faith efforts to resolve the matter, Plaintiff was forced into litigation only after Green Dot's representatives, via the BBB dialogue, made clear they would take no further action to assist or refund the funds.

The Plaintiff has exhausted all other reasonable avenues of resolution.

This lawsuit is the final resort—the only remaining means of accountability.

## VIII. PLAINTIFF'S POSITION ON REFUND

Even if the Defendants now choose to refund the original $460, the lawsuit will proceed.

The damage caused extends beyond the withheld money—it includes:

- Non-stop negligence and poor treatment
- Unlawful obstruction of resolution
- Weeks of lost productivity, stress, and frustration
- Proof that such behavior is part of a systemic issue, not an isolated error

A late refund will not undo the harm, nor absolve the repeated violations of law and trust.

## IX. PRAYER FOR RELIEF

The Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of the Plaintiff and against all Defendants jointly and severally in the amount of $25,000
2. Order an immediate refund of the $460 taken from the Plaintiff
3. Grant injunctive relief requiring Defendants to reform their consumer resolution process
4. Waive all filing fees and costs due to financial hardship (as outlined in AO 239)

5. Permit the Plaintiff to submit additional documentation or evidence should new materials or agency responses arise

6. Award any further relief the Court deems just and proper

## X. CONCLUSION

This case stands as an example of how these large financial institutions—despite having full power to resolve an issue quickly—chose instead to ignore, deflect, and dismiss a paying customer.

The Plaintiff brings this action not merely for restitution, but to ensure that other consumers do not endure the same negligent and abusive treatment.

The Defendants' consistent refusal to act left the Plaintiff no alternative but to seek justice in this Court.

Respectfully submitted,

Brandon McMillan

Plaintiff, Pro Se

Brandon P.

10/15/2025