THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRANDON MCMILLAN, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | Case No. 1:25-cv-00159-DBB-JCB |
| GREEN DOT CORPORATION; et al., | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

### INTRODUCTION[1]

Pro se Plaintiff Brandon McMillan ("Mr. McMillan") filed this lawsuit after he allegedly loaded a prepaid debit card with $460 and never was able to access the funds. Based upon the analysis set forth below, Mr. McMillan's complaint fails to state claims upon which relief can be granted. However, rather than recommending dismissal on that basis, the court provides Mr. McMillan with an opportunity to amend his complaint.

### BACKGROUND

Mr. McMillan states that he purchased a Green Dot prepaid debit card on September 15, 2025, and added $460 to its balance.[2] Mr. McMillan attempted to activate the card over the phone and online but his attempts repeatedly failed, as did his attempts to seek help through an

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 8.

[2] ECF No. 1 at 2.

automated customer service system.[3] With no access to the money on the card, Mr. McMillan initiated complaints with a half-dozen state and federal agencies, including the Better Business Bureau and the Federal Trade Commission.[4] None of these complaints reunited Mr. McMillan with his money, however, and Mr. McMillan initiated this lawsuit.[5]

Mr. McMillan names Green Dot Corporation, Green Dot Bank, and GO2Bank as defendants.[6] Mr. McMillan alleges that GO2Bank is "an affiliated entity of Green Dot" but does not otherwise elaborate on the relationship between the parties.[7] Mr. McMillan seeks $25,000 in damages and a court order requiring the Defendants to reform their consumer resolution processes.[8] To accomplish this, Mr. McMillan forwards six causes of action, the first two of which sound in federal law: (1) a violation of the Electronic Fund Transfer Act ("EFTA");[9] (2) a violation of the Federal Trade Commission Act ("FTC Act");[10] (3) a violation of the Utah Consumer Sales Practices Act ("UCSPA");[11] (4) breach of contract and duty of good faith; (5) negligence and gross negligence; and (6) conversion.[12] Mr. McMillan invokes this court's jurisdiction to adjudicate federal questions under 28 U.S.C. § 1331, relying on the alleged

---

[3] *Id.*

[4] ECF No. 1 at 3.

[5] Mr. McMillan filed the complaint that initiated this action on October 15, 2025.

[6] ECF No. 1 at 2.

[7] *Id.*

[8] ECF No. 1 at 5.

[9] 15 U.S.C. § 1693 *et seq.*

[10] 15 U.S.C. §§ 41-58.

[11] U.C.A. §§ 13-11-1 *et seq.*

[12] ECF No. 1 at 3-4.

violations of the EFTA and the FTC Act, and urges the court to exercise supplemental jurisdiction over the remaining claims.

Alongside his complaint, Mr. McMillan also filed a motion to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"),[13] which the court temporarily granted.[14] Accordingly, the court reviews the sufficiency of Mr. McMillan's complaint under the authority of the IFP Statute.

LEGAL STANDARDS

When a court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[15] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[16] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[17] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[18]

---

[13] ECF No. 2.

[14] ECF No. 7.

[15] 28 U.S.C. § 1915(e)(2)(B)(ii).

[16] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[17] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[19] "'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[20]

In analyzing Mr. McMillan's complaint, the court is mindful that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[22] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[23] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. . . . [I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

---

[19] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[20] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Id*.

[23] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

plaintiff's well-pleaded factual contentions, not his conclusory allegations.[24]

## ANALYSIS

The court begins by (I) explaining why Mr. McMillan's complaint fails to comply with Fed. R. Civ. P. 8. The court then (II) affords Mr. McMillan leave to amend his complaint.

### I.    Mr. McMillan's Use of Group Pleading Fails to Comply with Fed. R. Civ. P. 8.

Mr. McMillan's complaint fails to comply with Fed. R. Civ. P. 8.[25] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[26] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[27] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[28] To comply with Rule 8,

> a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and . . . what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements

---

[24] *Hall*, 935 F.2d at 1110 (citation modified).

[25] Rule 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[27] *Twombly*, 550 U.S. at 555.

[28] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.[29]

Mr. McMillan's complaint engages in improper "group pleading." Each cause of action is directed at all "Defendants" and, therefore, fails to plead allegations with enough particularity for any defendant to know what specific legal right it allegedly violated.[30] The Tenth Circuit has rejected the practice of "group pleading" where a complaint uses "Defendants" as a collective term and fails to distinguish what acts are attributable to which defendant.[31] Although the injury about which Mr. McMillan complains is clear on the face of the complaint—he claims he loaded $460 onto a prepaid debit card and was denied access to the funds—the complaint fails to explain what each Defendant did that resulted in a $460 loss to Mr. McMillan. For example, the complaint fails to allege from which Defendant Mr. McMillan purchased the prepaid debit card and with which Defendant Mr. McMillan executed a contract. The complaint also is silent as to which Defendant owed a duty of care toward Mr. McMillan and what source of law gave rise to that duty. Accordingly, Mr. McMillan's complaint fails to comply with Fed. R. Civ. P. 8.[32]

---

[29] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

[30] ECF No. 1 at 3-4.

[31] *See, e.g.*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[32] Even if Mr. McMillan overcomes his group pleading problem, his FTC Act claim does not provide him with a private right of action. The FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce." *F.T.C. v. Affiliate Strategies, Inc.*, 849 F. Supp. 2d 1085, 1104 (D. Kan. 2011) (quoting 15 U.S.C. § 45(a)(1)). Unfortunately for Mr. McMillan, "[t]he remedial power rests exclusively in the FTC." *Baum v. Great W. Cities, Inc., of New Mexico*, 703 F.2d 1197, 1209 (10th Cir. 1983) ("We recognize that private litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1)."; *see also Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992)

## II.    The Court Provides Mr. McMillan With an Opportunity to Amend His Complaint.

Mindful of Mr. McMillan's pro se status, the court considers whether "it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give . . . an opportunity to amend."[33] The court concludes that it would not be futile to allow Mr. McMillan to amend his complaint. First, although there is no private right of action for the FTC Act claim, Mr. McMillan's EFTA claim could conceivably support this court's jurisdiction if his amended complaint does not contain group pleading. Second, Mr. McMillan's group-pleading failure can be remedied by specifically attributing each injurious action to a particular defendant. Third, several of Mr. McMillan's claims seem to have general factual support, though the complaint is missing specific factual averments required to state many of its claims. Amending the complaint to adhere to Rule 8 pleading standards would cure these deficiencies.

Lastly, the court notes that Mr. McMillan's complaint appears to have interacted with generative artificial intelligence ("AI") because an AI response remains on the document. Text above the complaint caption says, "Absolutely — here is your updated complaint with only the damage amount revised to total $25,000, as requested."[34] The court warns Mr. McMillan that although AI has its benefits, he needs to personally verify the validity of AI results *before* submitting them to this court. By signing filings, including the complaint, Mr. McMillan represents to this court that his claims are warranted by existing law and his allegations and

---

("[T]here is no private right of action under this statute."); *Olds v. Bank of Am., N.A.*, 573 F. App'x 710, 711 (10th Cir. 2014) ("The district court correctly ruled that there is no private right of action under the FTC Act.").

[33] *Kay,* 500 F.3d at 1217.

[34] ECF No. 1 at 1.

factual contentions have evidentiary support.[35] All parties, including pro se parties, must comply with Fed. R. Civ. P. 11 and can be sanctioned for violating that rule.[36]

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. McMillan's motion to proceed in forma pauperis[37] is TEMPORARILY GRANTED.

2. On or before June 26, 2026, Mr. McMillan must file an amended complaint that cures the deficiencies outlined above.

3. Mr. McMillan's failure to file an amended complaint by that deadline will result in the court recommending dismissal of this case.

4. If Mr. McMillan files an amended complaint, the court will review the sufficiency of the amended complaint under the IFP Statute and DUCivR 3-2(b).

5. Although Mr. McMillan is permitted to file an amended complaint, the restriction on filing motions or other documents set forth in the court's prior order[38] remains in place.

---

[35] Fed. R. Civ. P. 11.

[36] *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991) (providing that Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard"); *Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713, 719 (10th Cir. 2017) (affirming district court's imposition of Rule 11 sanctions on a pro se plaintiff); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (providing that Rule 11 applies "to anyone who signs a pleading, motion, or other paper").

[37] ECF No. 2.

[38] ECF No. 7.

IT IS SO ORDERED.

DATED this 27th day of May 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge